UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Caisse de Retraite du Personnel Navigant,<br><br>Plaintiff,<br><br>v.<br><br>Pierre M. Renou AKA Pierre Ruckelshaussen,<br><br>Defendant. | Case No. 2:22-cv-01002-JHC<br><br>ORDER RE: DEFAULT JUDGMENT |

## I.

### INTRODUCTION

This matter comes before the Court on "Plaintiff's Request for Court Entry of Default Judgment Against Defendant Pierre M. Renou aka Pierre Ruckleshausen."  Dkt. # 7.  The motion is unopposed.  *See generally* Dkt.  The Court has considered the motion, the record, and the applicable law.  Being fully advised, the Court GRANTS the motion in part and DENIES it in part.

ORDER RE: DEFAULT JUDGMENT - Page 1

## II.

### BACKGROUND

Plaintiff is a French pension fund. Dkt. # 1. Jacqueline Ruckelshaussen received a supplementary pension benefit from Plaintiff. *Id.* Ms. Ruckelshaussen passed away on March 2, 2008, and pension payments were then to cease. *Id.* But Plaintiff was unaware of her death and continued to distribute payments through February 28, 2021. *Id.* According to Plaintiff, overpayment amounted to $429,320.86. *Id.*

Defendant is the surviving son of Ms. Ruckelshaussen. *Id.* While she was alive, he assisted with the administration of the pension. *Id.* Later, rather than notifying Plaintiff of his mother's passing, he fraudulently completed and submitted certain documents, causing the fund to continue to pay the benefits. *Id.* Plaintiff eventually discovered the ruse. *Id.* It demanded a refund from Defendant. *Id.* He refused the demand. *Id.*

Plaintiff filed this action in July 2022. *Id.* The complaint sounds in claims for money had and received, unjust enrichment, fraud, and conversion. *Id.* In November 2022, the Clerk entered an Order of Default against Defendant. Dkt. # 6. Earlier this month, Plaintiff brought the motion as issue, seeking default judgment for the principal amount of the overpayment, prejudgment interest, and attorney fees and costs.

## III.

### DISCUSSION

A.   Applicable Legal Standards

If a defendant fails to plead or otherwise defend, the clerk enters the party's default. Fed. R. Civ. P. 55(a). Then, upon a plaintiff's request or motion, the court may grant default judgment for the plaintiff. Fed. R. Civ. P. 55(b)(2); *see Aldabe v. Aldabe*, 616 F.2d 1089, 1092

ORDER RE: DEFAULT JUDGMENT - Page 2

(9th Cir. 1980).  On default judgment motions, "[t]he court must accept all well-pled allegations of the complaint as established fact, except allegations related to the amount of damages." *UN4 Prods., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1133 (W.D. Wash. 2019) (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).  Courts typically consider these factors when evaluating a request for a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).  Default judgments are generally disfavored, so "default judgment is appropriate only if the well-pleaded factual allegations of the complaint suffice to establish a plaintiff's entitlement to a judgment under the applicable law." *Dentist Ins. Co. v. Luke St. Marie Valley Dental Grp., P.L.L.C.*, CASE NO. 2:21-cv-01229-JHC, 2022 WL 1984124 (W.D. Wash. Jun. 6, 2022) (citing *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 855 (9th Cir. 2007)).

B.      Application of *Eitel* Factors

        1.   Prejudice to Plaintiff

"[P]rejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and internal quotation marks omitted).  Defendant has failed to respond to this action, so default judgment is Plaintiff's only means for recovery.  *See Eve Nevada, LLC v. Derbyshire*, CASE NO. 21-0251-LK, 2022 WL 279030 (W.D. Wash. Jan. 31, 2022).  Thus, this factor supports default judgment.

        2.   Merits of Plaintiff's Claims and Sufficiency of Complaint

ORDER RE: DEFAULT JUDGMENT - Page 3

"Courts often consider the second and third *Eitel* factors together." *Developers Sur. and Indem. Co. v. View Point Builders, Inc.*, CASE NO. C20-0221JLR, 2020 WL 3303046, at *5 (W.D. Wash. Jun. 17, 2022). As mentioned above, the Court must accept all well-pleaded allegations in the complaint as established fact. Accepting such allegations, the complaint clearly suffices to state the causes of action directed against Defendant. Thus, the second and third *Eitel* factors weigh in favor of Plaintiff.

3. Sum of Money at Stake

This factor "considers whether the amount of money requested is proportional to the harm caused." *Sun Life Assurance Co. of Canada v. Estate of Wheeler*, CASE NO. C19-0364JLR, 2020 WL 433352, at *4 (W.D. Wash. Jan. 28, 2020). Here, because Plaintiff seeks recovery of the overpayment plus prejudgment interest, there is direct proportionality. Thus, the fourth *Eitel* factor supports default judgment.

4. Possibility of Dispute Over Material Facts

There is no sign that the material facts are in dispute. And again, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to damages, will be taken as true." *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Defendant did not appear, so the Clerk correctly entered default against him. *See* Dkt. # 6.

5. Probability that Default was Because of Excusable Neglect

The sixth *Eitel* factor assesses whether Defendant's default for failure to appear was because of excusable neglect. *Boards of Trustees of Inland Empire Elec. Workers Welfare Tr. v. Excel Elec. Servs., Inc.*, No. 2:21-CV-00200-MKD, 2022 WL 1243663, at *4 (E.D. Wash. Apr. 26, 2022). Generally, courts do not find excusable neglect when defendants were properly served with the complaint. *See, e.g.*, *Maersk Line v. Golden Harvest Alaska Seafood LLC*, No.

ORDER RE: DEFAULT JUDGMENT - Page 4

C20-1140-JLR-MLP, 2020 WL 6083464, at *4 (W.D. Wash. Sept. 30, 2020), *report and recommendation adopted*, No. C20-1140 JLR, 2020 WL 6077419 (W.D. Wash. Oct. 15, 2020). Plaintiff establishes that it did properly serve Defendant. *See* Dkt. # 4. So this factor weighs in favor of default judgment.

      6.    Policy Favoring Decision on the Merits

Generally, cases "should be decided upon their merits whenever reasonably possible," so courts disfavor default judgment on this factor. *Eitel*, 782 F.2d at 1472. But in this case, Defendant's failure to appear or respond "makes a decision on the merits impractical, if not impossible," so the Court is not precluded from granting default judgment. *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002)*; see also Empl. Painters' Trust v. Dahl Constr. Servs., Inc.*, CASE NO. C19-1541-RSM, 2020 WL 3639591 (W.D. Wash. July 6, 2020). Thus, default judgment is an appropriate remedy in this case.

In sum, the *Eitel* factors support default judgment.

C.    Damages; Attorney Fees & Costs.

Because the Court does not accept the amount of claimed damages as true in a default judgment motion, it must assess whether Plaintiff's claimed damages are appropriate to award. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The plaintiff has the burden of proving its requested damages are reasonable and supported by evidence. *Bd. of Trs. Of the Boilermaker Vacation Tr. v. Skelly, Inc.*, F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

The "Declaration of Sadrine Johnson in Support of Plaintiff Caisse de Retraite Du Personnel Navigant Motion for Default Judgment" and the attachments thereto provide

ORDER RE: DEFAULT JUDGMENT - Page 5

sufficient evidence to support a damage award in the principal amount of $429,320.86.[1]  Dkt. # 7-1.  Citing 28 U.S.C. §1961, Plaintiff provides an apparently accurate and reasonable calculation of prejudgment interest that is accruing on that amount: $53.05 per day based on a statutory rate of 4.51%.  Dkt. # 7.  Such interest began to accrue on February 28, 2021, when Plaintiff made the last payment, which was 654 days ago.  $53.05 multiplied by 654 equals $34,694.70, and Plaintiff will be awarded prejudgment interest in this amount.

Plaintiff, however, does not provide sufficient legal authority to support its request for attorney fees and costs.  Plaintiff does not explain how the French law of fee-shifting would apply in this case.  As for Washington law, apparently, neither a statute nor an agreement between the parties supports the request.  And the Court remains unpersuaded that any recognized equitable ground supports the request; Plaintiff presents no case law squarely on point.  Accordingly, the Court denies the request.

## IV.

### CONCLUSION

For the foregoing reasons, the Court GRANTS in part and denies in part Plaintiff's motion for default judgment.  Plaintiff will have a judgment against Defendant in the principal amount of $429,320.86, along with prejudgment interest in the amount of $34,694.70 along with post-judgment interest on the entire amount until paid.

---

[1] Plaintiff claims to have arrived at this amount by applying a 1 € = $1.13 exchange rate (which appears reasonable to the Court, based on review of exchange rates at www.federalreserve.gov over the time period at issue) to the 380,985.26 € owed.  Dkt. # 7-1; *see* Fed. R. Evid. 201.  While 1.13 multiplied by 380,985.26 equals 430,513.34, the Court will not award more principal than requested by Plaintiff.

ORDER RE: DEFAULT JUDGMENT - Page 6

Dated this 14th day of December, 2022.

*(signature)*

JOHN H. CHUN
U.S. DISTRICT COURT JUDGE

ORDER RE: DEFAULT JUDGMENT - Page 7